Mengyin Chen, Esq.
**Chen Legal Group**
8304A Bustleton Ave. 2nd Floor
Philadelphia, PA 19152
Tel: (215) 688-0818
Fax: (215) 702-6925

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

QIAN SUN

Plaintiff,

v.

JOSEPH B. EDLOW, Director,
U.S. Citizenship and Immigration Services,
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

MARKWAYNE MULLIN, Secretary,
c/o Office of General Counsel
U.S. Department of Homeland Security,
245 Murray Lane, SW
Mail Stop 0485
Washington, D.C. 20528-0485

MICHAEL BORGEN, District Director,
U.S. Citizenship and Immigration Services,
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Defendants.

Case No. 2:26-cv-6885

**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT**

The Plaintiff, Qian Sun by and through undersigned attorney, complains of the Defendants, JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services (USCIS); MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and MICHAEL BORGEN, DistrictDirector, U.S. Citizenship and Immigration Services, Pennsylvania Field Office in their official capacities as follow:

## INTRODUCTION

1. This is an action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's I-751, Petition to Remove Conditions on Residence applications.

2. Plaintiff, Qian Sun ("Plaintiff"), is a citizen of the People's Republic of China and a lawful permanent resident of the United States. On or about May 2023, Plaintiff filed Form I-751 petitions with United States Citizenship and Immigration Services ("USCIS") on May 23, 2023. (See **EXHIBIT A**, Receipt Notice for the I-751 Petition).

## JURISDICTION

3. This is a civil action brought pursuant to The Mandamus Act (28 U.S.C. § 1361) under which "...district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. "

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within areasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS issubject to 5 U.S.C. § 555(b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006)(finding that district court hasjurisdiction under the APA, in conjunction with 28 U.S.C. §1331, to review plaintiff s complaint for declaratory and injunctive relief against federal agency);

*Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d I05, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act "within a reasonable time" 5 U.S.C. § 555(b), and authorizes a reviewing court to "compel agency action ... unreasonably delayed", 5 U.S.C. § 706(1)). Here, the Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club, 828 F.3d at 794* (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE's repeated attempts to excuse its delay ... we find it appropriate to issue a writ of mandamus ...."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than three years to adjudicate this application. This is an unacceptable and unreasonable delay.

## VENUE

5. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, broughtin the district where a substantial part of the events or omissions giving rise to the Plaintiff s claim occurred. The Defendant JOSEPH B. EDLOW is sued in his official capacity as Director of USCIS, an agency of the United States government. The Defendant MARKWAYNE MULLIN is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency (of which USCIS is a

component). The Defendant MICHAEL BORGEN is sued in his official capacity as District Director of the USCIS Pennsylvania Field Office, located in the Eastern District. Because national policy concerning adjudication of applications for immigration benefits – including I-751 applications is formulated by DHS and implemented by USCIS, venue is proper in this district.

**PARTIES**

6. Plaintiff, Qian Sun, resides at 419 Barclays Way, Phoenixville, PA 19460. Plaintiff is a native of the People's Republic of China and a legal permanent resident of the United States. Plaintiff's Permanent Resident number is A219-668-922.

7. Defendants, JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services (USCIS); MARKWAYNE MULLIN, Secretary, U.S. Department of HomelandSecurity; and MICHAEL BORGEN, District Director, U.S. Citizenship and Immigration Services, Pennsylvania Field Office are charged by law with the statutory and regulatory obligation to adjudicate immigration applications such as the Form I-751 Petitions. USCIS received Plaintiff's application on May 23, 2023 (see **EXHIBIT A**).

**FACTS**

8. Plaintiff, Qian Sun ("Plaintiff') is a native of the People's Republic of China, and a lawful permanent resident of the United States and filed a Form I-751 with the United States Citizenship and Immigration Services on or about May 23, 2023. (See **EXHIBIT A).**

9. The USCIS case status lookup webpage (https://egov.uscis.gov/casestatus/) reflects

that the form filed on behalf of plaintiff' was "USCIS is currently processing your Form I-751" on July 31, 2025. Since that date, USCIS has provided no further updates or requested any additional evidence, and the petition has remained pending for over three years before the filing of this Complaint. (See **EXHIBIT B**, Screenshots of USCIS Case Status Website).

10. Plaintiff has made several inquiries with USCIS in an effort to obtain an update and expedite adjudication of the pending Form I-751. Among those inquiries, Plaintiff submitted an online service request through the USCIS online portal in or about November 2025. More recently, on February 6, 2026, Plaintiff submitted an expedite request concerning the pending Form I-751 through the USCIS online portal. Despite these efforts, the petition remains pending.

11. Defendants have sufficient information and resources to adjudicate Plaintiff's Applications of Petition to Remove Conditions on Residence. Notwithstanding, Defendants have unreasonably delayed and refused to adjudicate Plaintiff's properly-filed petitions for over three years, depriving Plaintiff of the right to a timely adjudication.

12. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, causing ongoing harm and prejudice to the Plaintiff.

13. Plaintiff has suffered, and continues to suffer, substantial and ongoing harm as a direct result of Defendants' unreasonable delay in adjudicating the Form I-751 Petition to Remove Conditions on Residence. Defendants' failure to adjudicate the petitions has therefore prevented Plaintiff from moving forward with the lawful immigration process and receiving her green card. Plaintiff

does not seek a determination regarding the merits of her petitions, but only seeks an order compelling USCIS to complete adjudication.

14. Defendants' delay is without justification and has forced the Plaintiff to resort to filing this action for relief; we submit that Plaintiff is entitled to attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C., Sec 2412(d)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15. Plaintiff has no other adequate remedy available to her besides this complaint for a Writ of Mandamus. Plaintiff has made several inquiries to USCIS, operated by Defendants, only to be told that the case remains pending, with no indication as to when a decision might be made. USCIS has issued no substantive decision to Plaintiff with regard to Plaintiff's I-751 application since the USCIS received it. On USCIS' website (www.uscis.gov) case status look up page, the last update shows that Plaintiff's case is still pending before filing of this Complaint.

16. Among Plaintiff's recent efforts, Plaintiff submitted an online service request through the USCIS online portal in or about November 2025. On February 6, 2026, Plaintiff submitted an expedite request concerning the pending Form I-751 through the USCIS online portal. Despite these efforts, USCIS has not adjudicated Plaintiff's Form I-751, which has remained pending since May 23, 2023. To the extent Plaintiff previously made a service request in or about November 2025, such request did not result in adjudication of the Form I-751.

17. Plaintiff has exhausted reasonable administrative efforts to obtain action on the pending petition. Neither the service request nor the expedite request resulted in

adjudication of the Form I-751, and Defendants have provided no final decision or reasonable timeframe for adjudication.

18. Plaintiff therefore has no adequate alternative remedy to obtain timely adjudication other than this federal action.

## CAUSES OF ACTION

### Count I
### Violation of Administrative Procedure Act, 5 U.S.C. § 555 *et seq.* and § 701 *et seq.*

19. Plaintiff incorporates all preceding paragraphs herein as if fully stated in this count.

20. Defendant's practices, policies, conduct, and failures to act as alleged in this Complaint violate the Administrative Procedure Act, 5 U.S.C., because: an action (namely, the adjudication of Plaintiff s I-751 application) by an agency of the United States, i.e., the USCIS, is being "unlawfully withheld or unreasonably delayed," now for more than three years, as proscribed by 5 U.S.C. §706(1); the agency's delay in adjudicating the immigrationapplication is "arbitrary, capricious, [and] not in accordance with law," as proscribed by 5 U.S.C. §706(2)(A); and the agency's handling of these applications has not been effected "[w]ith due regard for the convenience and necessity of the parties ...and within a reasonable time," as required by 5 U.S.C. §555(b).

21. As a result, Plaintiffs have suffered irreparable and/or other harm, thereby entitling Plaintiff to injunctive and other relief.

### Count II
### Mandamus, 28 U.S.C. §1361

22. Plaintiff incorporates all preceding paragraphs herein as if fully stated in this count.

23. Plaintiff has a clear right to the relief requested, namely, that the I-751 application be adjudicated by the agency without undue delay.

24. Defendants have a mandatory duty to administer and enforce the Immigration and Nationality Act (INA). *See* INA §103; 8 U.S.C. §1103 (regarding inter alia the duties of the Secretary of Homeland Security and United States Attorney General). Accordingly, Defendants have the responsibility to adjudicate Plaintiff's properly filed I-751, but have failed to do so for over three years. This breach of the Defendants' duty is ongoing, despite all reasonable efforts by Plaintiff to inquire regarding the status of the application. Moreover, this breach of the Defendants' duty has no foreseeable conclusion, and could be prolonged for months or even years into the future. Plaintiff therefore has no remedy available to compel the Defendants to satisfy their statutory obligations but for this federal action.

25. As a result, Plaintiff has suffered irreparable and/or other harm, and attorneys' fees, thereby entitling Plaintiff to injunctive and other relief.

**Count III**
**Declaratory Judgment, 28 U.S.C. §2201**

26. Plaintiff incorporates all preceding paragraphs herein as if fully stated in this count.

27. The Defendants' practices, policies, conduct, and failures to act as alleged in this Complaintare: a violation of the INA, a breach of the Defendants' statutory duties, and are unconstitutional, arbitrary and capricious. Plaintiffs seek a declaration to that effect pursuant to 28 U.S.C. §2201, and declare that Defendants are compelled to adjudicate Plaintiff's immigration application within a reasonable time as determined

by this Court.

**PRAYER FOR RELIEF**

WHEREFORE,the Plaintiff prays that this Court:

1. Declare that the Defendants' acts and omissions as alleged in this Complaint violate the Immigration and Nationality Act, the Administrative Procedure Act, and;
2. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's I-751 Applications without further delays;
3. Award attorney fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");
4. Grant such other and further relief as this Court deems appropriate.

Dated: 09/10/2026

**Respectfully submitted,**
**/s/ Mengyin Chen**
**Mengyin Chen, Esq.**
**Law Office of Chen & Associates**
8304A Bustleton Ave. 2nd Floor
Philadelphia, PA 19152
Tel: (215) 688-0818
Fax: (215) 702-6925
contact@mychenlaw.com

**<u>TABLE OF EXHIBITS</u>**

A. USCIS Receipt Notice for I-751

B. Screenshot of USCIS Case Status Website for Petition Filed